Filed 6/15/16  P. v. Irwin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GREGORY IRWIN,<br><br>  Defendant and Appellant. | F070793<br><br>(Super. Ct. No. BF156055A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

James M. Crawford, under appointment by the Court of Appeal, Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Michael A. Canzoneri, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Gregory Irwin pled guilty to possession of methamphetamine for sale and admitted two enhancements in exchange for an agreed upon sentence and dismissal of other charges. He filed a notice of appeal, but neither the notice nor appellate counsel identified any arguable issues in the case. Our review of the record did not identify any arguable issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The amended information charged Irwin with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and possession of methamphetamine for the purposes of sale (Health & Saf. Code, § 11378). Each charge also alleged Irwin had suffered a prior conviction that constituted a strike within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (e), and had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Irwin entered into a plea agreement wherein he agreed to plead guilty (or no contest) to the possession for sale count, and admit both enhancements to that count. In exchange, Irwin would be sentenced to the minimum term of 16 months, doubled because of the strike prior, plus one year for the prison prior for a total term of 44 months in jail. In addition, the other charge and enhancements would be dismissed.

Irwin completed a Felony Advisement of Rights, Waiver and Plea Form which was consistent with this agreement. In this form Irwin was informed of the consequences of his plea, and waived his constitutional right to a jury trial. Irwin confirmed to the trial court that he understood his rights and was giving them up.

Irwin was sentenced to the agreed upon term of imprisonment.

2.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting he could not identify any arguable issues in this case.[1] Irwin filed the notice of appeal without stating any grounds for relief. Nor did he seek a certificate of probable cause. After appellate counsel filed his *Wende* brief, by letter dated June 19, 2015, we invited Irwin to inform this court of any issues he wished addressed. Irwin did not respond to our letter.

After a thorough review of the record, we agree with appellate counsel there are no arguable issues in this case. Irwin entered a plea agreement, he was sentenced to the agreed upon term, and the remainder of the terms were complied with by both parties. He was fully advised of the consequences of his plea, and waived his constitutional rights. There is nothing in this record to suggest any error occurred.

## DISPOSITION

The judgment is affirmed.

---

[1] Appellate counsel initially filed a brief asserting the minute order reflected fines not imposed by the trial court at the oral pronouncement of judgment. Respondent filed a brief pointing out the fines were imposed at the sentencing hearing. Recognizing his mistake, appellate counsel moved to have the opening brief he filed struck, and then filed the *Wende* brief.